**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WILLIE WRIGHT**,

    Petitioner,

v.                                             **Case No. 6:08-cv-618-Orl-35DAB**

**SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.**,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 10) to the petition for writ of habeas corpus. Petitioner filed a reply to the response. (Doc. No. 14).

Petitioner alleges three claims for relief in his habeas petition: 1) his due process rights were violated when he was convicted as a principal for the independent acts of others; 2) counsel was ineffective for failing to call two defense witnesses; and 3) his sentence was illegal.

### I. *Procedural History*

On September 26, 1990, Petitioner and another individual were charged by indictment with first degree murder from a premeditated design (count one), second degree murder (count two), and robbery (count three). A jury trial was held, and Petitioner was

found guilty as charged. On July 25, 1991, the trial court adjudicated Petitioner guilty of the crimes, found him to be a habitual offender, and sentenced him to concurrent life sentences for the two murder convictions and to a consecutive twenty year term of probation for the robbery conviction. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on April 14, 1992. Mandate was issued on May 1, 1992.

On February 2, 1994, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was denied. The state appellate court affirmed the denial *per curiam* on September 27, 1994. Mandate was issued on October 14, 1994.

On September 15, 2006, Petitioner filed a second Rule 3.850 motion, raising four claims. The trial court denied claims one through three on the basis that they were procedurally barred. As to claim four, the trial court treated it as a request for relief under Florida Rule of Criminal Procedure 3.800(a) and granted the relief requested therein by striking the habitual felony offender designation on counts one and two. The state appellate court affirmed *per curiam* on April 17, 2007. Mandate was issued on May 4, 2007.

---

[1]Although the motion was actually filed with the trial court on February 4, 1994, under the "mailbox rule," the motion would be deemed filed on February 2, 1994, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). Unless otherwise noted, all further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

## II. Petitioner's Habeas Petition is Timely

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had until April 23, 1997, absent any tolling, to file a federal habeas petition regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their section 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's federal habeas petition was filed on April 21, 2008,

under the mailbox rule.

Respondents argue that there was no tolling in this case since Petitioner's 2006 postconviction motion was filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). However, under *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286, 1293 (11th Cir. 2007), the statute of limitations restarts on the date that the opportunity for direct review of the new or amended judgment *resentencing* the defendant expires. The trial court's order striking the habitual felony offender designation directed the clerk of the court to amend the judgment and sentence in the case, *nunc pro tunc*, to reflect the ruling. Thus, the limitations period was restarted after the trial court ruling on Petitioner's 2006 postconviction motion, and the instant petition was timely filed.

## III.    Claim One

Petitioner alleges that his due process rights were violated when he was convicted as a principal for the independent acts of others. This claim was raised in Petitioner's first Rule 3.850 motion, and it was found to be procedurally barred since it should have been raised on direct appeal.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims, or (2) are not exhausted but would clearly be barred if returned to state court. Thus, "[f]ederal courts are precluded from addressing claims that have been held to be

4

procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

This claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*. The denial on procedural bar grounds was a correct application of Florida law.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred.

## IV.   Claim Two

Petitioner argues that counsel was ineffective for failing to call two defense witnesses--Doris Tisdale and Leroy Parker. He states that these witnesses would have supported his defense that he (Petitioner) was the victim of an attempted robbery. Petitioner argued in his first Rule 3.850 motion that counsel was ineffective for failing to call witnesses who would have testified that there was a robbery attempt planned against

5

Petitioner prior to the shootings.  Petitioner, however, failed to identify any witnesses in the Rule 3.850 motion.  The trial court denied this claim on the basis that Petitioner had not provided the names of these potential witnesses nor the substance of their testimony.

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).  In the present case, Petitioner has failed to present evidence of actual testimony or any affidavit of alleged testimony.  Thus, Petitioner has not made the requisite factual showing, and his self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Moreover, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.  The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted).  Petitioner has failed to advance a persuasive argument that trial counsel's decision not to investigate or call these witnesses was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation.

Under the circumstances, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."

28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

## V. Claim Three

Petitioner argues that his sentence was illegal because it exceeded the "guideline maximum."

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since this claim is based exclusively on state law issues that are merely "couched in terms of equal protection and due process," it must be denied. *Willeford*, 538 F.2d at 1198.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Willie Wright is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 23rd day of December 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:

sa 12/23

Counsel of Record

Willie Wright